IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BENSON, | No. 2:15-CV-2053-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ENLOE MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. On November 12, 2015, the matter was stayed pending arbitration. On September 8, 2017, defendants filed a status report indicating that a final binding arbitration decision had been issued on July 7, 2017. Pending before the court are: (1) plaintiff's "Notice of Appeal" of the arbitration award (Doc. 13); (2) plaintiff's request to vacate the arbitration award (Doc. 15); (3) plaintiff's motion to proceed with the case (Doc. 16); and (4) defendants' motion for confirmation of the arbitration award (Doc. 17). A hearing was held before the undersigned on January 10, 2018. Plaintiff appeared pro se. Ruby Wood, Esq., appeared for defendants. Upon completion of argument, the matter was submitted.

/ / /

1

## I. BACKGROUND

This matter was removed by defendants from the Butte County Superior Court on September 30, 2015. On October 7, 2015, defendants filed a motion to compel binding arbitration pursuant to the agreements of the parties. Plaintiff did not oppose that motion. On November 12, 2015, the District Judge issued a minute order granting defendants' motion to compel arbitration and stay proceedings, concluding that the parties had entered into a valid arbitration agreement encompassing all the claims raised in the complaint. On September 8, 2017, defendants filed a status report indicating that a final and binding arbitration decision had been issued on July 7, 2017, and that a stipulation for dismissal had been presented to plaintiff. On September 7, 2017, plaintiff filed his own status report indicating that he would agree to dismissal of the action. On October 11, 2017, the court lifted the stay entered on November 12, 2015, and directed defendants to file a response to the complaint within 30 days. The current motions followed.

## II. DISCUSSION

It is undisputed that the parties entered into valid agreements providing for binding arbitration on all the claims encompassed by plaintiff's complaint. It is also undisputed that an arbitration was held and that a final award in defendants' favor was issued on July 7, 2017. Under the Federal Arbitration Act, 9 U.S.C. § 9, and the California Arbitration Act, Cal. Code Civil Pro. § 1286, the court must confirm an arbitration award. See Hall Street Assoc. LLC v. Mattel, Inc., 128 S.Ct. 1396 (2008); see also Kyocera Corp. V. Prudential-Bache Trade Services, Inc., 341 F.3d 987 (9th Cir. 2003); Romero v. Citibank USA, 551 F. Supp. 2d 1010 (E.D. Cal. 2008). Judicial involvement is limited to determining whether statutory grounds to vacate or correct an arbitration award exist. See Corona v. Amherst Partners, 107 Cal. App. 4th 700 (2003). The arbitrator's findings on questions of facts and conclusions on questions of law are conclusive. See Moncharsh v. Heily & Blase, 3 Cal. 4th 1 (1992). Given the strong policy

expectation that arbitration awards be accorded finality, any judicial review must be deferential. See Marsch v. Williams, 23 Cal. App. 4th 238 (1994); see also Coutee v. Barington Capitol Group, L.P., 336 F.3d 1128 (9th Cir. 2003). Courts may not review the merits of the controversy, the sufficiency of the evidence supporting the award, or the validity of the arbitrator's reasons. See Moncharsh, 3 Cal. 4th at 10.

Under the Federal Arbitration Act, an arbitration award may be vacated if: (1) it is procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrator; (3) where the arbitrator was guilty of misconduct in refusing to postpone a hearing, in refusing to hear evidence, or any other misbehavior resulting in prejudice; or (4) where the arbitrator so exceeded his powers, or so imperfectly executed them, that a mutual, final, and definite award on the merits was not made. See 9 U.S.C. § 10. An arbitration award may be modified or corrected under the Federal Arbitration Act in the following circumstances: (1) where there was a material miscalculation of figures or material mistake in the description of any person, thing, or property referred to in the award; or (2) where the arbitrator has awarded on a matter not submitted to him. See 9 U.S.C. § 11. Similarly, under the California Arbitration Act, an arbitration award may be vacated in the following situations: (1) the award was procured by corruption, fraud, or undue means; (2) the arbitrator was corrupt; (3) the rights of the parties were substantially prejudiced by misconduct of the arbitrator; (4) the arbitrator exceeded his powers; (5) the rights of the parties were prejudiced by the arbitrator's refusal to postpone the hearing or hear material evidence; (6) or the arbitrator failed to disclose a grounds for disqualification or was subject to disqualification. See Cal. Code Civ. Pro. § 1286.2.

According to plaintiff, the arbitrator failed to protect his statutory rights under California Health & Safety Code § 1278.5 and California Business and Professions Code § 809. A review of plaintiff's filings, however, reflects that he is challenging the arbitrator's assessment of the facts and the application of the law to those facts. For example, plaintiff repeatedly argues that the arbitrator's factual finding was erroneous. Plaintiff also argues that the evidence was

insufficient to support the award. As defendants correctly note, such arguments are beyond the scope of judicial review. See Moncharsh, 3 Cal. 4th at 10.

At the hearing, plaintiff argued that he never agreed to binding arbitration and that his prior counsel had coerced him into the process. This argument is also unavailing. First, the court notes that plaintiff never raised this argument in the context of the arbitration. Second, plaintiff did not oppose defendants' motion to compel arbitration. Third, in ordering the parties to participate in arbitration, the District Judge found the arbitration agreements to be valid.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion for confirmation of the July 7, 2017, arbitration award (Doc. 17) be granted;

2. The July 7, 2017, arbitration award be confirmed;

3. All other pending motions (Docs. 13, 15, and 16) be denied; and

4. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE